UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | | |
|---|---|---|
| Adrian Da'Drieal Sanders | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. 7:25-cv-06174-BHH |
| v. | ) | |
| | ) | **Order** |
| South Carolina Department of Social Services, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This matter is before the Court upon *pro se* and *in forma pauperis* Plaintiff Adrian Da'Drieal Sanders's ("Plaintiff") amended complaint against Defendant South Carolina Department of Social Services ("SCDSS"). (ECF No. 4.) Plaintiff alleges that "SCDSS" has commenced illegal child support enforcement proceedings against him in a Spartanburg County Family Court Case ("Spartanburg Case") (*Id*. at 2). Plaintiff contends that there is no valid contract that gives SCDSS jurisdiction over the him. (*Id.*) Plaintiff alleges that he was also denied due process because he was not able to challenge jurisdiction or cross-examine his accusers. (*Id.*) Plaintiff asserts a cause of action for fraudulent misrepresentations, a cause of action for lack of jurisdiction, and a cause of action for violation of his state and federal constitutional rights to due process*.* (*Id.* at 2-3.) Plaintiff seeks money damages and injunctive relief from SCDSS. (*Id.* at 3.)

On August 25, 2025, in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), D.S.C., United States Magistrate Judge Kevin McDonald conducted a preliminary review of Plaintiff's amended complaint and issued a Report and

Recommendation ("Report"). (ECF No. 12.) The Report finds several defects in the amended complaint; finds such defects cannot be cured by further amendment of the complaint; and recommends that this matter be dismissed without leave to amend and without issuance and service of process. (*Id*.) Plaintiff filed objections to the Magistrate Judge's Report. (ECF No. 14).

## Standard of Review

The magistrate makes only a recommendation to this Court. The recommendation has no presumptive weight, and responsibility for making a final determination remains with this Court. *Mathews v. Weber,* 423 U.S. 261, 270-71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report to which a specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate with instructions." *Id.* In the absence of specific objections, the Court reviews the matter only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

## Discussion

Plaintiff's first objection is to the Magistrate Judge's finding that the instant matter is subject to summary dismissal for lack of subject matter jurisdiction pursuant to the *Rooker-Feldman* doctrine. (ECF No. 14 at 1-2.) Plaintiff states that he "does not ask this

2

Court to 'review and reject' a state judgment, but rather seeks redress for independent constitutional violations committed by SCDSS in enforcing child support obligations." (*Id.* at 2.) Plaintiff argues that "jurisdiction properly lies in this Court" because he "asserts federal constitutional claims independent of state family court rulings." (*Id.*)

After *de novo* review, the Court finds no merit to Plaintiff's objection. While Plaintiff states that he is not asking this Court to review and reject the proceedings from the Spartanburg Case, such a review would be necessary to determine whether he is entitled to the redress that he seeks. In any event, there is no dispute that Plaintiff is seeking redress for injuries he alleges were caused by state court rulings. However, "the *Rooker-Feldman* doctrine applies . . . when the loser in state court files suit in federal district court seeking redress for an injury allegedly caused by the state court's decision itself." Davani v. Va. Dep't of Transp., 434 F.3d 712, 713 (4th Cir. 2006). Thus, Plaintiff's claims are barred by this doctrine and are, therefore, subject to dismissal for lack of subject matter jurisdiction.

Plaintiff's second objection is that the Magistrate Judge "improperly characterized Plaintiff's claims as 'frivolous' under the so-called 'sovereign citizen' theory.'" (ECF No. 14 at 2.) The Report notes that the amended complaint and reference to Plaintiff's status "bears all the hallmarks of the 'sovereign citizen' theory." (*Id.*) Thus, the Magistrate Judge found that Plaintiff's case "is subject to dismissal as frivolous because the plaintiff's claims are based on the notion that he has special status in the United States as an indigenous aboriginal Muur of North America." (ECF No. 12 at 6.) In his objection, however, Plaintiff states that he "does not identify as a 'sovereign citizen' but as a living man, indigenous Muur of North America, with nationality lawfully recorded," and he cites to law regarding

"constitutional protections" extending to "all persons" within U.S. jurisdiction. (ECF No. 14 at 2.)

Federal courts have repeatedly rejected the sovereign citizen theory as baseless. *See, e.g., United States v. Benabe*, 654 F.3d 753, 767 (7th Cir. 2011) ("Regardless of an individual's claimed status ... as a 'sovereign citizen' ... that person is not beyond the jurisdiction of the courts. These theories should be rejected summarily, however they are presented."); *United States v. Schneider*, 910 F.2d 1569, 1570 (7th Cir. 1990) (describing the "sovereign citizen" theory as having "no conceivable validity in American law"); *United States v. Jagim*, 978 F.2d 1032, 1036 (8th Cir. 1992) (defendant claimed he was "outside" the jurisdiction of the United States; however, the court found this argument to be "completely without merit" and "patently frivolous" and rejected it "without expending any more of this Court's resources on discussion"); *Glover v. South Carolina*, No. 5:16-CV-00969-JMC, 2017 WL 1836982, at *1 (D.S.C. May 8, 2017), *appeal dismissed sub nom*., No. 17-6846, 2017 WL 5197454 (4th Cir. Nov. 8, 2017); *United States v. Chatman*, No. 2016-CP-45-00232, 2017 WL 3704832, at *1 (D.S.C. July 28, 2017), *Report and Recommendation adopted by* No. 4:17-cv-01556-RBH, 2017 WL 3676587 (D.S.C. Aug. 25, 2017).

Here, it appears that Plaintiff seems to allege that he is bringing constitutional claims rather than sovereign citizen claims. Nevertheless, upon review of Plaintiff's filings, the Court agrees with the Magistrate Judge that many, if not all, of Plaintiff's claims are couched in sovereign citizen language and are subject to dismissal as detailed in the Report. To the extent Plaintiff brings claims based upon sovereign citizen theories, the Court finds that they are frivolous and dismisses them accordingly. Regardless, this action

is subject to dismissal for additional reasons as outlined by the Magistrate Judge and herein.

Plaintiff's third objection is that the Magistrate Judge "erred in concluding that [SC]DSS is immune from suit under 42 U.S.C. § 1983." (ECF No. 14 at 2.) The Magistrate Judge recommends dismissal of this matter because "the only defendant named in this action is not a person for purposes of § 1983." (ECF No. 12 at 5) In support of this objection, Plaintiff states that "individual officers and actors who enforce unconstitutional statutes under [the] color of law are not shielded." (ECF No. 14 at 2.)

After *de novo* review, the Court finds no error in the Magistrate Judge's finding and recommendation of dismissal on this ground. Plaintiff's § 1983 claim against SCDSS seeks both monetary and injunctive relief. However, it is well-established that "neither a State nor its officials acting in their official capacities are 'persons' under § 1983." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). *See Woods v. S.C. Dep't of Soc. Servs.*, No. 6:24-cv-00502-HMH-KFM, 2024 WL 1494994, at *4 (D.S.C. Feb. 28, 2024) (concluding that SCDSS is not "a 'person' as defined by § 1983"), *Report and Recommendation adopted* by 2024 WL 1131232 (D.S.C. Mar. 15, 2024). Thus, the Court finds that Plaintiff's objection is without merit.

Plaintiff's final objection is to the Magistrate Judge's recommendation that the Corut decline to exercise supplemental jurisdiction over Plaintiff's state law claims. (ECF No. 14 at 3.) Plaintiff argues that "where fraud and constitutional violations are at issue, federal courts may not abdicate their duty." (*Id.*)

After *de novo* review, the Court finds no merit to this objection. As noted at the outset, Plaintiff's amended complaint appears to allege state claims relating to fraudulent

misrepresentation and violation of Plaintiff's rights under South Carolina law. (*See* ECF No. 4.) Because the Magistrate Judge recommends dismissal of Plaintiff's federal claims, he also recommends that the Court decline to exercise its supplemental jurisdiction pursuant to 28 U.S.C. § 1367(c)(3) over Plaintiff's state law claims. (ECF No. 12 at 7.) Indeed, "district courts may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Further, the Fourth Circuit has recognized that "trial courts enjoy wide latitude in determining whether or not to retain jurisdiction over state claims when all federal claims have been extinguished." *Shanaghan v. Cahill*, 58 F.3d 106, 110 (4th Cir. 1995); *see also United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726-27 (1966). After considering judicial economy, convenience, fairness, and comity, the Court finds, on balance, that these factors weigh in favor of declining to exercise supplemental jurisdiction over Plaintiff's state law claims. Thus, the Court overrules this objection.

## Conclusion

Based on the foregoing, the Court agrees with the Magistrate Judge that this action should be dismissed without affording Plaintiff further opportunity to amend. Therefore, the Court **adopts and specifically incorporates herein** the Magistrate Judge's Report (ECF No. 12); **overrules** Plaintiff's objections (ECF No. 14); and **dismisses this action without further leave to amend and without issuance and service of process**.

**IT IS SO ORDERED.**

/s/ *Bruce Howe Hendricks*
United States District Judge

April 15, 2026
Charleston, South Carolina

6